**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 06-20071-01-KHV** |
| **JAY T. HILL,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 26, 2006, a grand jury returned an indictment which charged that Jay T. Hill knowingly shipped, transported, possessed and received a firearm in interstate commerce after having been convicted of a crime punishable by more than one year in violation of 18 U.S.C. § 922(g)(1). See Indictment (Doc. #1). This matter is before the Court on defendant's Motion To Dismiss (Doc. #18) filed August 21, 2006, and defendant's Supplemental Motion To Dismiss (Doc. #19) filed August 22, 2006. On September 19, 2006, the Court held oral argument on the motions. For reasons set forth below, the Court overrules both motions.

**Factual Background**

On November 23, 2005, in the District Court of Wyandotte County, Kansas, defendant pled guilty to the crime of criminal possession of a firearm in violation of K.S.A. § 21-4204. Under Kansas law, a violation of K.S.A. § 21-4204 is a level VIII felony, non-drug offense. Based on defendant's criminal history, his presumptive sentencing range was 9 to 11 months with a presumption of probation. See K.S.A. § 21-4704(a); Defendant's Exhibit 400: Journal Entry Of Judgment. On January 17, 2006, the Wyandotte

County Court sentenced defendant to 10 months in prison, but placed defendant on probation for a period of 18 months. See id.

## Analysis

Defendant is charged with violating 18 U.S.C. § 922(g)(1), which provides that a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year cannot possess a firearm. What constitutes a conviction of such a crime is determined under the law of the jurisdiction in which the prior proceedings were held. 18 U.S.C. § 921(a)(20). In each pending motion, defendant argues that the Court must dismiss the indictment because his prior Kansas conviction did not involve a crime punishable by more than one year.

The Kansas Sentencing Guidelines require a sentencing judge to "impose the presumptive sentence provided by the sentencing guidelines." K.S.A. § 21-4716(a) (2005 Supp.). Before June 26, 2000 (the date of Apprendi v. New Jersey, 530 U.S. 466 (2000)), however, Kansas courts also could impose an upward departure from the presumed sentence pursuant to K.S.A § 21-4716. Greatly simplified, based upon the court's finding of aggravating factors, K.S.A. § 21-4716 (2000 Supp.) allowed a term beyond the maximum specified in the appropriate sentencing grid box. State v. Gould, 271 Kan. 394, 23 P.3d 801, 812 (2001).

In Gould, the Kansas Supreme Court held that based on Apprendi, the state's departure sentencing scheme was unconstitutional. Therefore, as to convictions which became final between June 26, 2000 and June 6, 2002, when the Kansas legislature amended the upward departure sentencing scheme to comply with Apprendi, the maximum possible sentence was the presumptive sentence provided by the Kansas sentencing guidelines. Under the amended scheme after June 6, 2002, however, a Kansas court can

sentence a defendant to up to twice the presumptive sentence provided by the guidelines. See K.S.A. § 21-4719(b)(2). Here, defendant's maximum presumptive sentence under the grid was 11 months with a presumption of probation. Under K.S.A. Section 21-4719, however, the sentencing judge had discretion to sentence defendant up to 22 months if the prosecutor filed a timely motion for upward departure and the jury found certain aggravating factors.[1] Although the prosecutor and a jury did not do so, defendant was nonetheless convicted of a crime *punishable* by imprisonment for a term exceeding one year.[2]

Defendant maintains that because he did not receive notice of any potential aggravating factors, which is required under Apprendi and the Kansas statute, his maximum possible sentence – when he walked into court for sentencing – was the maximum presumptive sentence of 11 months. The relevant question, however, is not the maximum sentence on the day of sentencing, but the maximum possible sentence for the particular crime which defendant committed, based on his criminal history.[3] See United

---

[1] The non-exclusive list of aggravating factors under Kansas law includes (1) vulnerability of the victim; (2) brutality of the offense; (3) motive for offense because of race, color, religion, ethnicity, national origin or sexual orientation; (4) fiduciary relationship with victim; (5) use of individual under age 16 to commit or assist in avoiding detection of the crime; (6) crime of extreme sexual violence; and (7) defendant was incarcerated during commission of offense. See K.S.A. § 21-4716(c)(2).

[2] The Court recognizes that the sentencing judge would have had to impose both a durational departure (to increase the term from 11 months to 22 months) and a dispositional departure (to change the disposition from probation to prison). See K.S.A. § 21-4719(b), (c). The new statutory scheme requires a jury finding for an upward durational departure, but not for a dispositional departure. See State v. Carr, 274 Kan. 442, 452, 53 P.3d 843, 850 (2002).

[3] In determining the maximum possible sentence for the particular crime, the Court considers the maximum sentence for the crime in light of defendant's criminal history. United States v. Plakio, 433 F.3d 692, 696-97 (10th Cir. 2005) (considering whether prior drug conviction constituted felony offense under United States Sentencing Guideline § 2K2.1(a)(4)(A)); see United States v. Thomas, 171 Fed. Appx. 250, 252 (10th Cir. 2006) (guideline language in Section 2K2.1(a)(4)(A) identical to language in 18 U.S.C. § 922(g)(1)). In other words, the Court considers the maximum sentence this particular
(continued...)

States v. Arnold, 113 F.3d 1146, 1148 (10th Cir. 1997) (what matters is not actual sentence received, but maximum possible sentence); United States v. Place, 561 F.2d 213, 215 (10th Cir. 1977) (relevant inquiry under Section 922 is whether district court "could have imposed" longer sentence); cf. United States v. Murillo, 422 F.3d 1152, 1154 (9th Cir. 2005) (after Blakely v. Washington, 542 U.S. 296 (2004), maximum state sentence for purposes of 18 U.S.C. § 922(g)(1) remains potential maximum sentence defined by applicable state criminal statute, not maximum sentence under state guidelines which could have been imposed against particular defendant); United States v. Moreno-Hernandez, 419 F.3d 906, 914-15 (9th Cir.) (Blakely did not change maximum sentence available under state law, but only procedures that could be used to determine imposition of particular sentence), cert. denied, 126 S. Ct. 636 (2005); United States v. Nash, No. CR-04-2183-FVS, 2005 WL 1423586, at *1 (E.D. Wash. June 17, 2005) (Blakely does not purport to limit scope of 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 920(a)(20)). The Tenth Circuit recently noted that "[o]rdinarily, the mere possibility of an upward departure (beyond one year) would render [defendant's] conviction punishable by a term exceeding one year regardless of the actual sentence received." Plakio, 433 F.3d at 695. In Plakio, because defendant's Kansas conviction was not final until July 6, 2000, after Apprendi but before the revised departure sentencing scheme, the Tenth Circuit held that defendant's maximum sentence was limited to the maximum presumptive sentence found in the appropriate grid box. See Plakio, 433 F.3d at 695. Here, in contrast, defendant was sentenced in 2006, after Kansas re-established a departure sentencing scheme to comply with Apprendi. Under K.S.A. § 21-

---

[3](...continued)
defendant could have received under state law for the crime he committed. See Plakio, 433 F.3d at 696-97. But cf. id. at 697-98 (O'Brien, J., dissenting) (arguing that court should consider maximum possible sentence allowed for any defendant convicted of particular crime).

4719(b)(2), the Kansas sentencing court could depart from the maximum presumptive sentence and impose a sentence up to double the maximum duration of the presumptive sentence.

Defendant's Kansas conviction in 2006 is analogous to a Kansas conviction which was final before Apprendi. As to convictions before Apprendi, the Tenth Circuit held that the possibility of an upward departure under K.S.A. § 21-4719(b)(2) qualified an offense as one punishable by imprisonment for a term exceeding one year for purposes of 18 U.S.C. § 922(g)(1) even though defendant's maximum presumptive sentence was less than one year and no upward departure was actually imposed. See United States v. Norris, 319 F.3d 1278, 1281-82 (10th Cir. 2003); Arnold, 113 F.3d at 1148. Even though the Kansas sentencing scheme now requires a timely motion by the prosecutor and certain findings by a jury before a judge can impose an upward departure, see K.S.A. § 21-4718(b), the judge nevertheless has discretion to depart upward in those circumstances for "substantial and compelling reasons." K.S.A. §§ 21-4704(d), 21-4716(a).[4] Because defendant's maximum presumptive sentence of 11 months could have been doubled under Kansas law, his conviction involved a crime punishable by more than one year under 18 U.S.C. § 922(g)(1). The Court therefore overrules defendant's motion to dismiss.

---

[4] In a footnote, Arnold noted that consideration of aggravating factors is discretionary with the trial judge, that the factors listed in the statute are expressly nonexclusive and that "until actual imposition of sentence, [defendant] could not predict whether his sentence would exceed one year." Arnold, 113 F.3d at 1148 n.1. Relying on this footnote, defendant focuses solely on his maximum potential sentence at the time of his state court sentencing. Arnold and its progeny are not so limited. Under Arnold, the Court examines defendant's criminal history for the offense of conviction, including any potential upward departures, in determining "the maximum possible sentence." Id. at 1148; see Norris, 319 F.3d at 1281-82 (conviction punishable by term exceeding one year because of "possibility" of departure); Place, 561 F.2d at 215 (relevant inquiry under Section 922 whether court "could have imposed" sentence longer than one year).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Dismiss</u> (Doc. #18) filed August 21, 2006 and defendant's <u>Supplemental Motion To Dismiss</u> (Doc. #19) filed August 22, 2006 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that trial is set for **November 7, 2006 at 9:30 a.m.**

Dated this 20th day of October, 2006, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge